PROB 12C
(Rev.2011)

# United States District Court
для
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: Tracy Dion Payne          Case Number: 3:07-00002

Name of Judicial Officer: The Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: November 29, 2007

Original Offense: 18 U.S.C. §922(g)(1) & 18 U.S.C. §924: Convicted Felon in Possession of Firearm

Original Sentence: 63 months' custody and 3 years' supervised release

Date of Revocation Sentence: March 11, 2013

Revocation Sentence: 6 months' custody and 2 years' supervised release

Type of Supervision: Supervised Release          Date Supervision Recommenced: October 1, 2013

Assistant U.S. Attorney: Clay Lee          Defense Attorney: Barry Tidwell

### PETITIONING THE COURT

__X__  To issue a Summons.
_____  To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this __1st__ day of __July__, 2014, and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

Donna Jackson
Intensive Supervision Specialist

Place          Nashville, TN

Date           June 27, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   According to an incident report obtained by the probation office, the Metropolitan Police Department, Nashville, Tennessee, was dispatched to the defendant's residence for a possible domestic disturbance on April 7, 2014. Upon arrival, the victim, Lauresse Hassell, stated the defendant grabbed her on her arms during a heated verbal argument. She stated they were arguing over past incidents that have happened in their relationship. The victim stated the suspect knows she is serious now, so police were not needed. The victim refused prosecution and services. The defendant stated they were in an argument about their past, but would not go into anymore detail. He was not very cooperative with police. The defendant voluntarily gathered his belongings and left the location to spend the night at another location. Officers were unable to determine a primary aggressor due to lack of witnesses and no visible injuries.

   Mr. Payne failed to report the incident to the U.S. Probation Office within the required seventy-two hour period. Mr. Payne reported the contact with law enforcement via his monthly supervision report dated May 1, 2014.

2.   **The Defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.**

   According to Mr. Payne's April 2014 monthly supervision report signed by Mr. Payne on May 1, 2014, he worked for a company called Flexsol for one week during the month of April. He also informed on this monthly report he is now employed by U-Haul. Mr. Payne did not have prior approval from the probation office for either place of employment. The probation office uses this data to be assured that the defendant does not accept employment that would violate state sex offender laws.

3.   **The Defendant shall participate in sex offender assessment and treatment, including but not limited to polygraph/plethysmograph examinations recommended by the treatment provider and as directed by the U.S. Probation Office. The defendant shall contribute to the cost as determined by the U. S. Probation Office.**

   Mr. Payne has not attended sex offender treatment since May 20, 2014. He has been considered to have withdrawn from the program. Please review the attached documents from treatment provider Dr. Donna Moore. Mr. Payne advised during a meeting with the probation officer on May 21, 2014, he does not mind attending sex offender treatment, just not with Dr. Moore.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Payne began his reimposed term of supervised release on October 1, 2013, and he is currently scheduled to terminate supervision on September 30, 2015. Mr. Payne has completed payment of his special assessment.

Mr. Payne was enrolled and attending sex offender specific treatment from October 2013 to May 2014. He has secured part time employment with U-Haul, on South Eight Avenue, Nashville. Mr. Payne left a message for the probation officer on June 24, 2014, advising he has spoken to treatment provider Shatonya Crayton with The Guidance Center in Murfreesboro, Tennessee, about enrolling in their sex offender treatment program. This officer has left two messages for Mr. Payne to discuss this possibility. Ms. Crayton was contacted by the probation office and she confirmed her company does provider sex offender treatment in the form of a group session, one night a week. She works with Dr. Larry Seeman and both are approved providers by the Tennessee Sex Offender Treatment Board.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that a summons be issued for Tracy Payne, to appear before the Court to answer to the violation behavior outlined above.

Assistant U.S. Attorney Clay Lee concurs with the probation officer's recommendation for a summons.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. TRACY DION PAYNE, CASE NO. 3:07-00002

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003     Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1 to 3 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Tracy Dion Payne

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00002 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 29 / 07
                                    *month  day  year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer | C |
| Shall maintain verifiable employment subject to the approval of the United States Probation office | C |
| Shall participate in sex offender treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     VI

10. **Range of Imprisonment** *(see §7B1.4(a))*     8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Tracy Dion Payne

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)       _____    Home Detention         _____

    Other         _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from  1 to 3 years
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days